UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
KEKA SCHERMERHORN, individually and on
behalf of all others similarly situated,

                Plaintiff,                              1:15-cv-06895

                                                              COMPLAINT

           -against-

DISCOVER FINANCIAL SERVICES, INC.,

                Defendant.
-------------------------------------------------------------------x

       The Plaintiff KEKA SCHERMERHORN, by and through her undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendant DISCOVER FINANCIAL SERVICES, INC. ("Discover") and alleges, upon information and belief, except those allegations which directly relate to the Plaintiff herself, which are alleged upon personal knowledge, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action, on behalf of herself and all others similarly situated, against Defendant Discover Financial Services ("Discover"), a national direct banking and payment services company, for violating the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.*, and Federal Reserve Board Regulation B ("Regulation B"), 12 C.F.R. § 202 *et seq.*, by failing to issue written adverse action notices within the statutorily prescribed timeframe, containing a statement of specific reasons identified by the creditor for taking such actions.

2. Plaintiff is a consumer who applied for a specific credit card with Defendant that offered a 0% interest rate on balance transfers from other credit cards. Defendant denied Plaintiff's

1

application, instead offering Plaintiff the option of receiving a different credit card with inferior credit terms.  Plaintiff declined Discover's counteroffer of credit.  Despite taking such adverse action on Plaintiff's credit card application, Discover failed to comply with its statutory duty of providing Plaintiff with written notice specifically identifying and explaining Discover's reasoning for taking such adverse action on the Plaintiff's credit card application.

3. Plaintiff brings this action for actual and punitive damages on behalf of the putative class, as well as for attorney's fees and costs, pursuant to 15 U.S.C. §§ 1691e(a), (b) and (d) ("Equal Credit Opportunity Act" or "ECOA") and 12 C.F.R. § 202.16(b)(1) ("Federal Reserve Board Regulation B" or "Regulation B").  Additionally, Plaintiff seeks such equitable and declaratory relief as the trier of fact deems just in order to enforce the requirements imposed under this statute and its regulatory counterpart, pursuant to 15 U.S.C. § 1691e(c).

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 15 U.S.C. § 1691e(f) and 28 U.S.C. § 1331.

5. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff is a natural person residing in the State of New York, and qualifies as an "applicant" within the meaning of both the ECOA and Regulation B.  See 15 U.S.C. § 1691a(b); 12 C.F.R. § 202.2(e).

7. Defendant Discover is a Delaware corporation, duly authorized and qualified to do business in the State of New York.  Discover qualifies as a "creditor" within the meaning of both the ECOA and Regulation B.  See 15 U.S.C. § 1691a(e); 12 C.F.R. § 202.2(1).

**FACTUAL BACKGROUND**

8. On February 10, 2015, Plaintiff applied for a credit card with Defendant, requesting a 10.9% APR and 0% balance transfer for fourteen months.

9. Shortly after receiving Plaintiff's application, Defendant e-mailed Plaintiff the following response: "While we're unable to approve you for the offer you just applied for, you are still eligible for the no annual fee Discover it® Card with great rewards and benefits and these new terms." The new terms included a 22.99% APR and a 10.9% APR for six months on balance transfers.

10. The February 2015 denial letter did not include a statement of specific reasons for taking such adverse action, nor did it contain a disclosure of Plaintiff's right to receive a statement of specific reasons ("ECOA notice"). See 15 U.S.C. §§ 1691(d)(2)(A) and (B); see also 12 C.F.R. §§ 202.9(a)(2)(i) and (ii).

11. Plaintiff neither accepted—expressly or impliedly—nor used Discover's counteroffer.

12. Despite this, Discover never sent Plaintiff the requisite adverse action notice, specifically identifying the rationale for the denial and counteroffer.

13. Discover's denial of Plaintiff's credit card application, coupled with a counteroffer for a different credit card with different credit terms which Plaintiff neither expressly accepted nor used, constituted an adverse action under both the ECOA and Regulation B. See 15 U.S.C. § 1691(d)(6) ("[T]he term 'adverse action' means…a refusal to grant credit in substantially the amount or on substantially the terms requested."); see also 12 C.F.R. § 202.2(c)(1)(i) (defining adverse action to mean "[a] refusal to grant credit in substantially the amount or on substantially the terms requested in an application unless the creditor makes a counteroffer (to grant credit in a

different amount or on other terms) *and the applicant uses or expressly accepts the credit offered*") (emphasis added).

14.   Discover's February 2015 denial letter did not accurately portray the reasons for denying Plaintiff's credit card application, and thus failed to satisfy the ECOA and Regulation B's content requirements.  See 15 U.S.C. §§ 1691(d)(2) and (3); see also 12 C.F.R. §§ 202.9(a)(2) and (b).

15.   Moreover, Discover failed to send Plaintiff the requisite adverse action notice within ninety days following the February 2015 letter denying Plaintiff's credit card application.  See 12 C.F.R. § 202.9(a)(1)(iv).

16.   Discover's failure to provide Plaintiff with the requisite adverse action notice stands in opposition with the very purpose of the ECOA's notification requirements—*i.e.*, educating unsuccessful applicants on the perceived deficiencies in their credit status and effectively safeguarding them against potentially wrongful discrimination by creditors.

17.   Furthermore, receipt of an ECOA notice is what triggers a consumer's right to a free credit report from the agency who supplied the credit report which led to the denial of credit. Accordingly, by failing to send the required ECOA notice to Plaintiff, Defendant deprived Plaintiff not only of the knowledge of the reasons she was denied credit but also denied her the opportunity to obtain a free credit report.

18.   Upon information and belief, Discover failed to provide the requisite ECOA notice to hundreds, if not thousands, of consumers who refused to accept Discover's counteroffer of credit after being denied the credit card they initially applied for.

19.   Discover is thus liable to the Plaintiff for the damages Plaintiff suffered due to the

deficient adverse action notification.

## CLASS ACTION ALLEGATIONS

20. This action is brought, and may properly be maintained as, a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and all members of a class (the "Class"), consisting of all consumers who, within the five years prior to the filing of this Complaint, had an initial application for credit denied and who did not accept Defendant's offers of a substitute credit card, and failed to receive the required ECOA notice from the Defendant.

21. The requirements of Fed. R. Civ. P. 23(a) are met in that:

   a. Rule 23(a)(1) Numerosity – The Class for whose benefit this action is brought is so numerous that joinder of all class members is impracticable. Plaintiff believes that the Class, as described above, consists of hundreds and perhaps thousands of individuals, although the exact number and identity of individual class members are presently unknown, and can only be ascertained through appropriate discovery.

   b. Rule 23(a)(2) Commonality – There are no individual issues in this case. All of the legal and factual issues in this class action are common to each proposed class member, including:

      i. Whether Discover is a "creditor" within the meaning of the ECOA. See 15 U.S.C. § 1691a(e);

      ii. Whether Discover's letters that include no mention of statements of specific reasons for taking such adverse action, nor the right of applicants

       to request therefor, were insufficient in violation of 15 U.S.C. § 1691(d)(2) and (3);

    iii.    Whether Defendant's rejection of the class members' initial credit card applications and unaccepted offers of an alternate credit card is an "adverse action" within the meaning of 15 U.S.C. § 1691(d)(6) and 12 C.F.R. § 202.2(c)(1)(i); and

    iv.    Whether Plaintiff and the Class are entitled to actual, punitive, and/or equitable and declaratory relief as a result of Discover's alleged violations of law.

c. Rule 23(a)(3) Typicality – Plaintiff's claims are typical of the proposed class members' claims inasmuch as all such claims arise out of Discover's alleged failure to comply with the statutory adverse action notification requirements, in violation of the ECOA.

d. Rule 23(a)(4) Adequacy of Representation – Plaintiff can and will fairly and adequately represent and protect the interests of the proposed class. Plaintiff has no interests antagonistic to the interests of the other members of the class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel with substantial experience in representing plaintiffs in class actions and consumer litigation. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

22. Without the representation provided by the Plaintiff, and without this action proceeding

on a class-wide basis, Discover will not change its wrongful conduct and ongoing practices and virtually no proposed class member would be able to obtain the relief sought herein because most consumers are not aware of their rights to enforce the claims, and, even if consumers are so aware, individual claims are cost-prohibitive to pursue because of the burden and expense of showing the systematic and regular nature of its failure to comply with applicable law.

23. Rule 23(b)(3) – Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

24. In addition, the class members will likely have little interest in individually controlling the prosecution of separate actions, there is no known current litigation by any members of the Class against Defendant based on the claims asserted herein and there would be few, if any, difficulties in managing this case as a class action. In fact, class adjudication is advantageous to individual litigation because it will conserve judicial resources and is more efficient for class members, particularly for those who lack the resources to bring claims individually.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE ECOA

25. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

26. Defendant Discover's February 2015 decision to deny Plaintiff's credit card application, and Plaintiff's non-acceptance of Discover's counteroffer, constituted an "adverse action" under both the ECOA, 15 U.S.C. § 1691(d)(6), and Regulation B, 12 C.F.R. § 202.2(c)(1)(i).

27. Defendant Discover violated 12 C.F.R. § 202.9(a)(1)(iv) by failing to send a notice of

adverse action to the Plaintiff-applicant within ninety days following the February 2015 letter notifying Plaintiff of the subject counteroffer.

28. Defendant Discover violated 15 U.S.C. §§ 1691(d)(2) and (3), and 12 C.F.R. §§ 202.9(a)(2) and (b), by failing to provide the Plaintiff with the specific reasons Defendant took such adverse action.

29. Defendant is thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1691e(a), (b), and (d).

30. Additionally, Defendant is liable to Plaintiff for such equitable and declaratory relief as the trier of fact deems just in order to enforce the requirements imposed under this statute and its regulatory counterpart, pursuant to 15 U.S.C. § 1691e(c).

**WHEREFORE**, the Plaintiff Keka Schermerhorn, on behalf of herself and the Class described herein, demands judgment against Defendant Discover as follows:

31. Certifying this case as a class action and certifying the named Plaintiff herein to be an adequate class representative and her counsel to be adequate class counsel;

32. Entering a judgment on behalf of Plaintiff and the members of the Class, for actual damages proved at trial and for punitive damages of up to $500,000 or 1% of Defendant's net worth, pursuant to 15 U.S.C. § 1691e(b);

33. Entering a judgment awarding Plaintiff equitable and declaratory relief, pursuant to 15 U.S.C. § 1691e(c);

34. Entering a judgment awarding Plaintiff the costs of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1691e(d); and

35. Awarding such other and further relief as the Court finds necessary and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: August 31, 2015
New York, NY

Respectfully submitted,

Kevin C. Mallon
MALLON CONSUMER LAW GROUP, PLLC
One Liberty Plaza, Suite 2301
165 Broadway
New York, NY  10006
(646) 759-3663
consumer.esq@outlook.com
Attorneys for the Plaintiff